**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LISA C. FRIDAY,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**CAROLYN W. COLVIN, ACTING** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>)<br>    **Defendant.** )<br>_____) | **Case No. 14-1153-CM** |

### MEMORANDUM AND ORDER

Plaintiff Lisa C. Friday claims that she became unable to work on January 13, 2010, because of the following health issues: (1) arthritis in her hands, wrists, and back; (2) a back injury and subsequent surgery; (3) right arm tendonitis; (4) sleep disorder; (5) asthma; (6) dyspepsia; (7) breast cysts; (8) chronic sinusitis; (9) fibromyalgia; (10) Methicillin-resistant staphylococcus aureus; (11) depression; (12) anxiety; and (13) attention-deficit hyperactivity disorder. In the past, plaintiff worked jobs in customer service and as a general insurance representative. She filed this action pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 et seq., requesting supplemental security income benefits, and Title II of the Act, 42 U.S.C. §§ 401 et seq., for disability insurance benefits.

An Administrative Law Judge ("ALJ") found that plaintiff was not disabled in a decision dated December 20, 2012, which stands as the final decision of the Commissioner of Social Security. Plaintiff contends that the ALJ erred in two overriding ways: (1) the ALJ's findings regarding plaintiff's residual functional capacity ("RFC") were not supported by substantial evidence; and (2) the

ALJ failed to show that plaintiff can perform some work that exists in large numbers in the national economy.  After reviewing the record, the court makes the following rulings.

**I.      Legal Standard**

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record?  (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).  "Substantial evidence" is a term of art.  It means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).  When evaluating whether the standard has been met, the court is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own.  *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)).  On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ.  *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

Plaintiff bears the burden of proving disability.  *Hunter*, 321 F. App'x at 792.  A disability requires an impairment—physical or mental—that causes one to be unable to engage in any substantial gainful activity.  *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)).  Impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The ALJ uses a five-step sequential process to evaluate disability claims.  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation omitted).  But the ALJ may stop once he makes a

disability determination; he does not need to continue through subsequent steps if he is able to find a claimant disabled or not disabled at an intermediate step. *Id*.

The components of the five-step process are:

- **Step One**: The plaintiff must demonstrate that she is not engaged in substantial gainful employment activity. *Id*. If the plaintiff meets this burden, then the ALJ moves to Step Two.

- **Step Two**: The plaintiff must demonstrate that she has a "medically severe impairment or combination of impairments" that severely limits her ability to do work. *Id*. (internal quotation omitted).

    o If the plaintiff's impairments have no more than a minimal effect on her ability to do work, then the ALJ can make a nondisability determination at this step.

    o If the plaintiff makes a sufficient showing that her impairments are more than minimal, then the ALJ moves to Step Three.

- **Step Three**: The ALJ compares the impairment to the "listed impairments"—impairments that the Secretary of Health and Human Services recognizes as severe enough to preclude substantial gainful activity. *Id*. at 751.

    o If the impairment(s) match one on the list, then the ALJ makes a disability finding. *Id.*

    o If an impairment is not listed, the ALJ moves to Step Four of the evaluation. *Id*.

- **Prior to Step Four**: The ALJ must assess the plaintiff's RFC. *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)).

- **Step Four**: The plaintiff must show that she cannot perform her past work. *Williams*, 844 F.2d at 751. If plaintiff shows that she cannot, the ALJ moves to the last step.

- **Step Five**: Here, the burden shifts to the ALJ. The ALJ must show that the plaintiff can perform some work that exists in large numbers in the national economy. *Id*.

**II.     Analysis**

  **A.  The Administrative Decision**

The ALJ made the following determinations:

- **Step One**:  Plaintiff has not engaged in substantial gainful activity since January 13, 2010.

- **Step Two**:  Plaintiff has severe impairments of (1) status post L4-L5 fusion; (2) hand osteoarthritis; (3) obesity; (4) bipolar I disorder, mixed, partial remission; and (5) anxiety state, unspecified.

- **Step Three**:  Plaintiff's impairments (or combination of impairments) do not meet or medically equal a "listed impairment."

- **Prior to Step Four**:  Plaintiff has the RFC to perform light work, except she can:

    o  Frequently lift and/or carry twenty pounds;

    o  Occasionally lift and/or carry ten pounds;

    o  Stand six hours in an eight-hour workday with normal breaks;

    o  Sit six hours in an eight-hour workday with normal breaks;

    o  Use hands for "foot controls" [sic] and feet for foot controls (no manipulative limitations);

    o  Relate to others, co-workers, and supervisors on a superficial work basis.

- **Step Four**:  Plaintiff cannot perform her past relevant work.

- **Step Five**:  There are jobs that exist in significant numbers in the national economy that plaintiff can perform, including mailroom clerk, office cleaner, food preparer, production inspector, production assembler, credit card clerk, and trimmer.

- **Conclusion**:  Plaintiff has not been disabled since January 13, 2010.

  **B.  Plaintiff's Claims**

As mentioned above, plaintiff alleges two overriding errors with the ALJ's decision.  The court examines each of these claims below.

### 1. RFC Determination

First, plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.  Plaintiff offers several reasons why the RFC is unsupported: (1) the ALJ stated that plaintiff has a severe impairment of hand osteoarthritis, but then failed to include any limitations related to that impairment; (2) the ALJ gave Dr. First's opinions great weight, but then failed to take into account Dr. First's opinion that plaintiff could not grasp tools and had decreased grip strength; (3) the ALJ failed to identify any functional limitations related to plaintiff's obesity; and (4) the ALJ failed to make specific credibility findings linked to substantial evidence.

The court has one concern with the ALJ's RFC determination (a concern related to three of plaintiff's arguments): The ALJ found that plaintiff had severe impairments of hand osteoarthritis and obesity, but then failed to connect those severe impairments with any related limitations.  The ALJ's discussion of plaintiff's RFC assessment merely contains a summary of plaintiff's testimony and the medical evidence, followed by a fairly detailed analysis of plaintiff's credibility.  Unfortunately, however, the ALJ failed to connect the medical evidence to plaintiff's ability to engage in various activities.  He thoroughly explained why plaintiff is not as limited as she believes, but he did not explain how he arrived at the limitations included (or not included) in plaintiff's RFC.

Because the ALJ did not explain why he found that plaintiff had two severe impairments (osteoarthritis and obesity), yet found no limitations related to them, the court must find that the ALJ failed to adequately apply the legal standards.  *See Hamby v. Astrue*, 260 F. App'x 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two.  He failed to consider the consequences of these impairments, however, in determining that

-5-

Ms. Hamby had the RFC to perform a wide range of sedentary work."); *Timmons v. Barnhart*, 118 F. App'x 349, 353 (10th Cir. 2004) ("[T]he ALJ should have explained how a 'severe' impairment at step two became 'insignificant' at step five."). The ALJ noted plaintiff's obesity at Step Two and discussed it further at Step Three, but then failed to mention it in his RFC analysis. At a minimum, the ALJ should have discussed plaintiff's obesity and its impact on her other impairments when devising plaintiff's RFC. *Baker v. Barnhart*, 84 F. App'x 10, 14 (10th Cir. 2003) (noting that the ALJ must not only consider the impact of obesity at Step Two, but also at other stages of the analysis). Likewise, on remand, if the ALJ continues to believe that plaintiff has no manipulative limitations, he should explain why the severe impairment of osteoarthritis results in no limitations.

In reaching this decision, the court does not intend to suggest that a different result is mandated on remand—only that the ALJ should fully explain his reasoning. He must connect plaintiff's severe impairments to any limitations in her RFC or explain why the severe impairments do not result in limitations.

***2. Plaintiff's Ability to Perform Other Work in the National Economy***

Plaintiff's second challenge relates to Step Five, where the Commissioner bears the burden. Because of the court's RFC ruling, the court will not rule on plaintiff's Step Five arguments. The ALJ's decision on remand may impact the testimony on jobs that plaintiff is able to perform, making any ruling here moot.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is reversed and remanded. The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this Memorandum and Order.

Dated this 29th day of June, 2015, at Kansas City, Kansas.

<div style="text-align: right;">
s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**
</div>